IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

CENTRAL REXALL DRUGS, INC.,

      Plaintiff,

v.

      Case No. 2:17-cv-2724

RAQUEL C. BONO,
Director, Defense Health Agency

      Defendant.

## PLAINTIFF'S SURREPLY

Plaintiff Central Rexall Drugs, Inc. ("Central Rexall") files this brief surreply in order to respond to several issues raised by DHA for the first time in its reply brief.

**1.** ***Agility Defense*** **Supports Central Rexall's Interpretation of the Regulations**

In its Reply, DHA relies heavily on *Agility Defense & Government Services v. United States Department of Defense*, 739 F.3d 586 (11th Cir. 2013), arguing that the "[t]he suspension regulation in question, 48 C.F.R. 9.407-4(a) and (b), is remarkably similar to the one in the case at bar." (DHA Reply at 12.) However, DHA selectively quotes from the case, leaving the impression that the Eleventh Circuit allowed a temporary suspension to continue against an "affiliated" entity under an identical regulatory scheme. However, as the case makes clear upon full reading, the regulatory scheme at issue in that case is not identical, and if fact, ***explicitly provided*** for the suspension of an affiliate, ***and*** provided a definition of affiliate: "The agency

official may extend the suspension of the indicted government contractor 'to include any affiliate[ ] of the contractor if they are (1) specifically named and (2) given written notice of the suspension and an opportunity to respond.' *Id.* § 9.407–1(c); *see also id.* § 9.403 (defining 'affiliate')." *Agility Def. & Gov't Servs.*, 739 F.3d at 588.

With this full understanding of *Agility Defense*, it is clear that the case actually supports Central Rexall's position—the absence of similar language in the DHA regulations means that the regulations at issue here cannot be extended to apply to "affiliate" or "associate" entities. If the DHA regulations meant to include affiliated entities, the regulations would explicitly state as such and define what those terms mean, as did the regulations in *Agility Defense*. Rather, the DHA regulations are plain on their face and suspension of an "associate" (which DHA apparently contends can mean whatever it likes) cannot be read into the regulations at issue here.

### 2.  DHA's Interpretation is Not Entitled to Deference

DHA contends that its interpretation of the regulations should be entitled to deference. There are several reasons why deference is not appropriate here. First, the regulations at issue are not ambiguous. *Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000) ("*Auer* deference is warranted only when the language of the regulation is ambiguous."). As revealed above, the regulations *could* have been drafted to include temporary suspensions against affiliates, but they were not. DHA's attempts to shoehorn Central Rexall under these regulations does not make them ambiguous.

Second, even if the regulations could be considered ambiguous, courts only defer to *reasonable* agency interpretations. Deference is not due where the agency interpretation is in plain error or inconsistent with the regulations. *Sw. Pharmacy Sols., Inc. v. Centers for Medicare & Medicaid Servs.*, 718 F.3d 436, 442 (5th Cir. 2013). Here, DHA's position is directly inconsistent with the plain language of the regulations.

Finally, even if the regulations could be considered ambiguous and even if DHA's interpretation was reasonable, DHA cannot simply make a self-serving interpretation in the course of its dealings with Central Rexall and claim that its interpretation is entitled to deference. "*Auer* deference is unwarranted where an agency's interpretation of an ambiguous statute unfairly surprises a regulated party." *Employer Sols. Staffing Grp. II, L.L.C. v. Office of Chief Admin. Hearing Officer*, 833 F.3d 480, 489 (5th Cir. 2016) (quotation and citation omitted). Rather, Central Rexall must have been given notice of this interpretation ***prior*** to the suspension: "*Auer* deference does not apply if the petitioner 'lacked fair notice' of the agency's interpretation of the regulation that the agency is advancing in the enforcement action." *ExxonMobil Pipeline Co. v. United States Dep't of Transportation*, No. 16-60448, 2017 WL 3474264, at *5 (5th Cir. Aug. 14, 2017).

DHA admits in its Reply that Central Rexall was not given forewarning of this interpretation. (DHA Reply at 13 ("Plaintiff was made aware of this interpretation in

conjunction with the issuance of the temporary suspension[.]").)  Accordingly, DHA is not entitled to deference in its interpretation of the regulations at issue.

### 3.  DHA's Background Facts are Misleading

In its Reply, DHA struggles at length to link Central Rexall to the Dr. Elder-Quintana indictment.   DHA describes the indictment in detail, but fails to acknowledge the extremely relevant facts that <u>Central Rexall is not named in the indictment</u>, nor does Dr. Elder-Quintana have any relationship with Central Rexall apart from submitting prescriptions to the pharmacy on behalf of his patients.

Further, DHA's Reply contains the following sentence: "[m]oreover, investigations and prosecutions are continuing, including a civil one against Central Rexall by the undersigned United States Attorney for potential violations of the False Claims Act, 31 U.S.C. § 3729, *et seq*."  (DHA Reply at 5.)  This sentence is misleading and leaves the impression that there is a civil prosecution against Central Rexall.  That is false.  There is a pending civil <u>investigation</u> involving Central Rexall, but such a pending investigation cannot be characterized as a "legal or administrative proceeding" as required by § 199.99(h)(1)(vi).   Accordingly, that pending investigation is not relevant to Central Rexall's requested relief.

For the foregoing reasons, Plaintiff Central Rexall respectfully requests that the Court deny DHA's Motion to Dismiss.

Respectfully submitted this 31st day of August, 2017,

/s/ Scott R. Grubman
Scott R. Grubman
Ga. Bar No. 317011

**CHILIVIS, COCHRAN, LARKINS & BEVER, LLP**

3127 Maple Drive, N.E.
Atlanta, GA 30305
404-233-4171 (phone)
404-261-2842 (fax)
sgrubman@cclblaw.com
*Attorney for Plaintiff Central Rexall*

## CERTIFICATE OF SERVICE

I certify that on this 31st day of August, 2017, the foregoing Surreply was filed electronically with the Court via the CM/ECF System, which automatically sends a service copy via e-mail notification upon counsel of record.

/s/ Scott R. Grubman
Scott R. Grubman
Ga. Bar No. 317011

**CHILIVIS, COCHRAN, LARKINS & BEVER, LLP**

3127 Maple Drive, N.E.
Atlanta, GA 30305
404-233-4171 (phone)
404-261-2842 (fax)
sgrubman@cclblaw.com
*Attorney for Plaintiff Central Rexall*