UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CENTRAL REXALL DRUGS, INC.** | * | **CIVIL ACTION** |
| **v.** | * | **NUMBER: 17-2724** |
| **RAQUEL C. BONO, DIRECTOR DEFENSE HEALTH AGENCY** | * | **JUDGE BARBIER** |
| | * | **MAG. JUDGE KNOWLES** |

## DECLARATION OF JAMES GOGUE

COMES NOW the declarant, JAMES GOGUE, who under penalty of perjury declares the following:

1. I am presently employed by the Department of Defense (DoD), Defense Health Agency (DHA), and have been employed since 2004. I currently work in the Program Integrity Office as a Health Care Fraud Specialist. In that capacity I maintain a working knowledge of the DoD entitlement health care program TRICARE in the normal course of my duties. I have access to, and knowledge of, the TRICARE benefit policy and implementing regulations. I have provided testimony on behalf of TRICARE in both Civil and Criminal cases as well as within the Military Justice System. On a daily basis I am responsible for providing support for law enforcement and judicial efforts in combatting healthcare fraud and abuse as well as working to identify vulnerabilities within the TRICARE Program for healthcare fraud and abuse. I am credentialed as a member of the Association of Certified Fraud Examiners. I was assigned the case on Central Rexall in September 2015, during the normal course of my duties.

2. The TRICARE Program is a federal statutory entitlement program for active duty uniformed services members, retirees, and their dependents, which authorizes the Secretary of Defense to provide a uniform program of medical benefits. Title 10, United States Code (U.S.C.),

**Exhbit 1**
**in globo**

(hereinafter "the Statute") Sections 1071 and 1073(b). The TRICARE Program is administered and implemented through the Code of Federal Regulations, Title 32, Code of Federal Regulation (C.F.R.), Section 199 (hereinafter "the Regulation"). 10 U.S.C. § 1073(a). The TRICARE Policy Manual, 6010.57-M, provides guidance, benefit policy interpretation and decisions implementing TRICARE, and is used in conjunction with the TRICARE Reimbursement Manual, 6010.58-M, and the Regulation. Benefit policy applies to the scope of services and items which may be considered for cost-sharing/reimbursement by the TRICARE program within the intent of the Regulation. Per 32 CFR 199.4(a)(1)(i), benefits include specified medical services and supplies provided to eligible beneficiaries from "authorized providers." In addition, according to 32 CFR 199.6(a)(7), in order to be considered for benefits, all services and supplies shall be rendered by a CHAMPUS authorized provider practicing within the scope of his or her license.

3. As stated above, I was assigned the case on Central Rexall Drugs (Central Rexall) of Hammond, Louisiana. Central Rexall was identified as one of a number of compounding pharmacies receiving TRICARE payments for medically unnecessary compound drugs. According to 32 CFR 199.4, Basic Program Benefits, and subject to all applicable definitions, conditions, limitations, or exclusions specified in the Regulation, TRICARE will only pay for medically necessary services and supplies required in the diagnosis and treatment of illness or injury, and provided by authorized providers.

4. On April 24, 2015, by authority of 32 CFR 199.9(h), the DHA issued a suspension of claim payment notice to Central Rexall because this pharmacy was identified as allegedly having dispensed compound drugs to TRICARE beneficiaries written by prescribers who may not have established a prescriber-patient relationship with beneficiaries necessary to write valid, medically necessary prescriptions. The initial period of suspension would be up to 12 months, which could be extended for an additional 6 months pending action by DOJ. Absent intervention by DOJ at the end of the 18 months the suspension by DHA would be reviewed to determine if

there was reasonable evidence to establish that the suspension would continue. See Attachment A – Letter of Central Rexall Suspension dated April 24, 2015.

5. On October 21, 2016, the DHA issued a Continuation of Suspension Letter to Central Rexall because there was indication to the DHA, by law enforcement and the Department of Justice, that actions proscribed by the Regulation were still being conducted in associated with Central Rexall. Specifically that a provider submitting prescriptions in cooperation with another pharmacy and its owners had done so in an effort to commit fraud against the Program and that similar patterns of claims submission did exist between the indicted provider and Central Rexall. Indeed, During the time of the Central Rexall suspension DHA identified over $37 million in Central Rexall claims which did not demonstrate the required prescriber-patient relationship for a valid prescription. See Attachment B – Continuation of Suspension Letter dated October 21, 2016.

6. On March 30, 2017, Plaintiff filed the above-captioned civil action seeking an order of mandamus requiring Defendant to terminate a temporary suspension of all then current and future claims processing and payments imposed by the Agency on April 24, 2015. See Record Doc. # 1.

7. On May 16, 2017, as a matter of routine administrative actions to ascertain the validity and correctness of claims or possible fraudulent submissions to TRICARE, the DHA instructed TRICARE pharmacy benefit contractor Express Scripts, Inc. (ESI), to conduct an audit of Central Rexall claim submissions to TRICARE from January 1, 2012, to May 15, 2017. The audit identified 6,448 Central Rexall claims during the audit period showing compound drug prescription claims which were NOT valid and NOT medically necessary because the prescription claims did not have a matching prescriber-patient medical claim (Prescriber/Patient Non-Matching). Total costs of these invalid, medically unnecessary claims is $37,137,031.03. See Attachment C – Central Rexall Audit May 16, 2017.

3

8. On July 10, 2017, DHA Program Integrity requested action through the DHA Pharmacy Operations Division (DHA-POD) to instruct ESI to begin recoupment of the over $37.1 million in invalid, medically unnecessary claims. Some of these invalid claims had already been paid prior to the initiation of this lawsuit; other claims had been suspended upon initiation of the Central Rexall suspension of claims payment in April 2015. Thus, contemporaneously, many of the claims identified as invalid were the subject of the above captioned lawsuit pursuing a Writ of Mandamus requiring the government to process the previously suspended claims. See Attachment D – Request to DHA-POD for Central Rexall Recoupment July 10, 2017.

9. On August 7, 2017, Defendant herein, Raquel C. Bono, Director of DHA, filed a motion to dismiss the above-captioned lawsuit. See Record Doc. # 8.

10. On September 13, 2017, the Court took the Defendant's dispositive motion under submission, after allowing both parties to file reply and sur-reply memoranda. See Record Doc. ## 14-20.

11. As of the date this Stipulation is being filed, the Court has not issued a decision on Defendant's dispositive motion.

12. ESI as DHA's contractor sought recoupment for all previously paid claims for compound prescription cream which ESI determined were fraudulent. Said recoupment action was taken initially against all pending unpaid claims which ESI determined were valid and which were subject to the claim processing suspension about which Plaintiff originally complained.

13. ESI both recouped against pending unpaid claims or denied all pending unpaid claims which it determined were fraudulent. Thus all pending claims which previously were subject to the claim processing suspension that was the subject of Plaintiff's original complaint had, in fact, been processed prior to the time Plaintiff filed its preliminary injunction motion in the above-captioned lawsuit. See paragraph 18, *infra*.

4

14. ESI then sought reimbursement for the balance of the recoupment claims it had determined were not medically necessary in four letters addressed to Central Rexall, to wit:

(a) November 12, 2017 seeking $14,522,674.49 in alleged overpayments;

(b) November 12, 2017 seeking $922,500.88 in alleged overpayments;

(c) November 26, 2017 seeking $992,334.49 in alleged overpayments; and

(d) November 26, 2017 seeking $64,491.45 in alleged overpayments.

See Record Doc. # 21-5 at p. 2.

Each letter informed Central Rexall that it had the right to inspect and copy all records pertaining to the above-listed debts and that if it believed that ESI's determination regarding TRICARE coverage is incorrect or disputed the amount of the debt as calculated in the letters, that it had the right to request an administrative review of the indebtedness, which review included a right to an Administrative Review under 32 C.F.R. 199.11, and Reconsideration under 32 C.F.R. 199.10. See Attachment E- Central Rexall Recoupment Document dated November 26, 2017, at page 2, paragraph 5, as an example of the notice of administrative review rights Central Rexall was advised it could exercise. Each recoupment letter to Central Rexall contains this statement of the right to administrative review.

15. Central Rexall requested Reconsideration of all four recoupment/overpayment demands listed above in a letter dated February 9, 2018 (Record Doc. # 21-5), which letter was apparently misplaced after it was received by ESI's mailbox courier.

16. Because Central Rexall's February 9, 2018 letter was mislaid, ESI did not carry out the administrative review sought by same.

17. Instead, in letters dated April 19, 2018, ESI issued demands for payment of the overpayment amounts that had not been offset by other, valid TRICARE claims from Central Rexall. See Record Doc. ## 21-6 and 21-7. These collection attempts were followed by DHA

billing notices and, eventually by dunning notices issued by an outside collections contractor (CBE Group).

18. On October 2, 2018, Plaintiff filed a motion for a preliminary injunction seeking an Order enjoining DHA from pursuing collection of debts (recoupment claims) Plaintiff alleged were related to those that were the subject of its original mandamus demand, thereby upsetting the *status quo ante*. See Record Doc. # 21.

19. Subsequent to the filing of Plaintiff's preliminary injunction motion, DHA instructed CBE Group to refrain from any further efforts to collect the overpayment debt from Central Rexall.

20. That within 10 business days of the entry by the Court of a judgment of dismissal, DHA is prepared to issue written notification to Central Rexall lifting the suspension of claim processing and payment originally imposed by its letter dated April 24, 2015.

21. That within 10 business days of the entry by the Court of a judgment of dismissal, DHA through its contractor ESI, will begin performing the administrative review sought by Central Rexall in its February 9, 2018 letter, and will complete said review and issue a written decision conveying the results of same in no more than 30 days thereafter.

22. That if Central Rexall is not satisfied with the results of said administrative review, it may pursue any appeal of same to the U.S. Court of Claims.

I declare under penalty of perjury that the foregoing is true and correct.

Aurora, Colorado this 13th day of February, 2019.

*/s/ James C. Gogue*

JAMES GOGUE, MA, CFE
Health Care Fraud Specialist
Program Integrity
Office of the Assistant Secretary of Defense
Health Affairs
16401 East Centretech Parkway
Aurora, CO 80011-9043
Tel: (303) 676-3573
james.c.gogue.civ@mail.mil



**OFFICE OF THE ASSISTANT SECRETARY OF DEFENSE
HEALTH AFFAIRS**
7700 ARLINGTON BOULEVARD, SUITE 5101
FALLS CHURCH, VIRGINIA 22042-5101

**DEFENSE
HEALTH AGENCY**

APR 2 4 2015

Central Rexall Drugs
125 E. Thomas St.
Hammond, LA 70401

Dear Sir or Ma'am:

    This is to inform you that the Defense Health Agency (DHA) will immediately suspend payment for present and future claims provided by you and your organization. This action is due to you having dispensed compound drugs to TRICARE beneficiaries based upon prescriptions written by physicians whom we have concluded may not have established a physician-patient relationship with beneficiaries necessary to write valid prescriptions.

    This action is being taken under the provisions of Section 199.9 of Title 32 of the Code of Federal Regulations (CFR) because filling invalid prescriptions, regardless of your knowledge they are invalid, constitutes "abuse" as that term is defined in 32 CFR 199.9(b). This suspension is for an indefinite period of time as determined by DHA and only applies to present and future claims for products and services provided by you.

    Please note that any participation agreement with your patients remains in full force and effect; you cannot repudiate an agreement as a result of the delay in final disposition of the claims. You are reminded that the balance billing requirements of 10 U.S.C. § 1079(j)(3) remain in effect. The assessment of a finance charge, either to the beneficiary or the Government, on these suspended claims is prohibited.

    Within 30 days of this notice you may present written argument and documentary evidence to the Director, DHA. Such information opposing the suspension must raise a genuine dispute of material facts with respect to your products and services. You may also submit a written request to personally appear and present evidence to the Director, DHA or his/her Program Integrity designee. All such personal presentations will be made at DHA, 16401 East Centretech Parkway, Aurora, Colorado 80011-9043, at your expense.

    You can mail any questions regarding this notice or specific information in opposition to this suspension as discussed in the previous paragraph to Director, Program Integrity office, DHA, 16401 East Centretech Parkway, Aurora, Colorado 80011-9043.

                                                  Sincerely,

                                                  Douglas J. Robb, DO, MPH
                                                  Lieutenant General, USAF, MC, CFS
                                                  Director

**Attachment A**



**OFFICE OF THE ASSISTANT SECRETARY OF DEFENSE**
**HEALTH AFFAIRS**
7700 ARLINGTON BOULEVARD, SUITE 5101
FALLS CHURCH, VIRGINIA 22042-5101

**DEFENSE**
**HEALTH AGENCY**

OCT 2 1 2016

Chilivis, Cochran, Larkins & Bever
Attn: Mr. Scott Grubman
3127 Maple Drive, NE
Atlanta, GA 30305

      RE: Your Client: Central Rexall Drug

Dear Mr. Grubman,

      This Notice is to advise you that the Department of Defense, Defense Health Agency (DHA) will continue its temporary suspension of claims processing and payment during the pendency of the prosecution referenced below for any claims submitted by Central Rexall Drug, as authorized in 32 CFR 199.9(h)(1).

      As referenced in DHA's Notice dated April 24, 2015, temporary claims suspension action was taken because Central Rexall Drug had dispensed compound drugs to TRICARE beneficiaries based upon prescriptions written by physicians whom may not have established a physician-patient relationship with beneficiaries necessary to write valid prescriptions. Under TRICARE, if a valid or appropriate patient-physician relationship is not established, then the prescriptions would not be valid for TRICARE cost-sharing.

      This office has now completed its review and has concluded that approximately $37,162,819.92 in claims submitted by Central Rexall Drug for TRICARE beneficiaries from January 1, 2012 to October 3, 2016 have no substantiating medical claims submitted to support that a valid doctor/patient relationship existed. Additionally, Dr. William Elder-Quintana, one of the prescribing physicians, wrote substantial numbers of prescriptions with no substantiating medical claims for prescriptions filled by Central Rexall Drug.

      On October 14 2016, an indictment was unsealed on defendants who conspired to run a scheme to defraud TRICARE in connection with the prescription of compounded pain and scar creams. The scheme involved the payment of kickbacks to TRICARE beneficiaries, payment of kickbacks to prescribing physicians, and the payment of kickbacks to marketers by the owners of compounding pharmacies. Dr. Elder-Quintana was named in the indictment and was arrested on October 12, 2016. The indictment specifically provided that Dr. Elder-Quintana, among others:

- Fraudulently prescribed compounded drugs to TRICARE beneficiaries.
- Dr. Elder-Quintana wrote thousands of prescriptions for compounded drugs to TRICARE beneficiaries who he never met in person and for whom he conducted only a cursory consultation via telephone.
- Dr. Elder-Quintana received kickbacks for prescriptions he wrote.

**Attachment B**

For purposes of this temporary administrative action, since a large volume of compound prescription claims were submitted by Central Rexall Drug based upon prescriptions written by Dr. Elder-Quintana, his indictment and arrest are a basis for continuing the temporary suspension of claims processing. The prosecution of Dr. Elder-Quintana, by implication, involves compound prescription written directly by him and link to claims submitted by Central Rexall Drug.

Please note that any participation agreement with Central Rexall Drug's patients remains in full force and effect; Central Rexall Drug cannot repudiate an agreement as a result of the delay in final disposition of the claims. Also, the balance billing requirements of 10 U.S.C. § 1079)(3) remain in effect. The assessment of a finance charge, either to the beneficiary or the Government, on these suspended claims is prohibited.

Any written correspondence should be mailed to Director, Program Integrity office, DHA, 16401 East Centretech Parkway, Aurora, Colorado 80011-9066.

Sincerely,

fur

Jeffrey B. CLARK, MC
Major General, USA
Director, Healthcare Operations
Defense Health Agency

cc:
Central Rexall Drug
125 E. Thomas St.
Hammond, LA 70401

2

Attachment C

```
LR17-0379_Rpt, Central Rexall Drugs                            15:47 Tuesday, May 16, 2017   1
Pharmacy Summary for All Prescribers' NPIs With/Without Prescriber/Patient Relationships
Pharmacy/Non-Institutional Claims with Dates: Jan 1, 2011 to May 15, 2017 (Present)


                              NPI      Patient    Pharmacy        Pharmacy
Title                        Count      Count     Rx Count      Amount Paid
-----                        -----     -------    --------      -----------
ESI Spreadsheet                369      1,668       7,504      $40,801,358.18
Valid Pharmacy Data            369      1,668       7,504      $40,801,358.18

Prescriber/Patient Matching    255        434       1,056       $3,664,327.15
Prescriber/Patient Non-Matching 131     1,238       6,448      $37,137,031.03
                              =====    =======    ========    ===============
Matching/Non-Matching Totals:  386      1,672       7,504      $40,801,358.18
                              =====    =======    ========    ===============


Note: A Prescriber and/or Patient may be in both Matching and Non-Matching selections.
      Also, a Patient may be associated with multiple Prescribers.
      When this happens, the Totals: will not match the Valid Pharmacy Data.
```

**FOR OFFICIAL USE ONLY**

This document is the property of the Department of Defense TRICARE Program Integrity Office. Contents may not be disclosed to any party under investigation nor may this document be distributed outside the receiving agency without specific prior authorization of the TRICARE Program Integrity Office.

**Gogue, James C CIV DHA BUSINESS SPT DIR (US)**

| | |
|---|---|
| **From:** | Obrien, Joseph P Jr CIV DHA (US) |
| **Sent:** | Monday, July 10, 2017 2:41 PM |
| **To:** | Blanche, William H CIV DHA HEALTH OPNS DIR (US) |
| **Cc:** | Wheeler, Bryan T CIV DHA DGC FC (US); Marchlowska, John J CIV DHA PROG INTEGRITY (US); Bley, Paul N CIV (US); Gogue, James C CIV DHA BUSINESS SPT DIR (US) |
| **Subject:** | Next Compounding Pharmacy to begin recoupments against |
| **Attachments:** | LR17-0379_Rpt.pdf; LR17-0379_Readme.doc; LR17-0379.xlsx |

Bill,

As part of our discussion some months back to begin efforts to recoup/offset monies directly from compounding pharmacies, in this case Central Rexall, the DOJ has agreed to allow us to recoup/deny/offset/pay claims that where submitted from 01 Jan 2012 to Present (this period includes claims during the suspension and prior to the suspension). Please direct our ESI to take action as indicated below.

DHA PI has pulled claims HX from ESI and the MCSC's and identified $37,137,031.03 in RX claims in an audit that are not supported by a patient/doctor corresponding office visit. Attached is the Spreadsheet identifying those claims and is found at the Tab marked: "Central Rexall - Non-Matches".

It appears that these claims should be recouped/denied/offset by ESI.

Also provided is a Tab labelled: "Smart Pharmacy - Matches", these claims have a supporting office visit within one year of the date of the RX and come under one of two categories:
    1) Previously adjudicated and paid correctly requiring no action or,
    2) Should be adjudicated to completion and paid or denied as appropriate.

I will send the password under separate email. Give me a call if there are any questions.


Joe OB

Joseph P. O'Brien, Jr. CFE
Chief, Operations and Compliance Branch
DoD-DHA Program Integrity
(303) 676-3588

***WARNING FOR OFFICIAL USE ONLY/LAW ENFORCEMENT SENSITIVE*** This email and attachment(s) are the property of the Department of Defense, Defense Health Agency (DHA) Program Integrity Office. Distribution outside DHA and the intended receiving agency without prior authorization of DHA-PI is not authorized. Protected health information (PHI), personally identifiable information (PII), or LES information may be included. Privacy Act and HIPAA guidelines restrict release without appropriate legal authority and law enforcement sensitive information may be withheld from the public as disclosure could cause a foreseeable harm to the interest protected by one or more exceptions of the Freedom of Information Act, 5 USC Section 552.

**Attachment D**

Express Scripts
CONFIDENTIAL

# Initial Recoupment Letter

**Attachment E**

This document contains proprietary information and/or data of Express Scripts Holding Company and its subsidiaries and affiliates (hereinafter referred to as "Express Scripts Holding Company"). Recipient, by accepting this document, agrees that it will not duplicate, use, or disclose-in whole or in part-this document, or the information contained therein, or any part thereof to others for any other purpose except as specifically authorized in writing by Express Scripts Holding Company. EXEMPT FROM PUBLIC DISCLOSURE: Information contained herein is confidential information of Express Scripts Holding Company and is exempt from public disclosure under 5 U.S.C. §552(B). Do not disclose outside of the recipient organization of the United States Government

Express Scripts
CONFIDENTIAL



Express Scripts, Inc.
P.O. Box 66505
St. Louis, MO 63166-6505

11/26/2017

CENTRAL REXALL DRUGS                                  TIN: 720513871
125 E THOMAS ST                                        PRINCIPAL: $64,491.45
HAMMOND, LA 70401

NABP: #1905732

Dear CENTRAL REXALL DRUGS:

On the check(s) listed below we sent you payment to cover services furnished to TRICARE beneficiaries during that remittance cycle. This was for pharmaceutical claims processed for TRICARE beneficiaries in the normal course of business. However, this check(s) represents an overpayment of $64,491.45.

| Check No. | Check Date |
|---|---|
| | 9/27/2017 |

On the 9/27/2017 remittance, multiple claim reversals were submitted by DHA Program Integrity due to an audit, which other claims were not available to offset. This situation created the overpayment. Subsequent remittances have not resulted in the full offset of this payment. At this time we are required by TRICARE to send this letter advising you of the overpayment and make you aware of your rights. We regret any inconvenience that this error may have caused.

The Federal Claims Collection Act, beginning at 31 U.S.C. 3701, requires that federal agencies, including DHA, collect government funds which were mistakenly issued from their accounts. Further, government agencies are required to collect interest on all delinquent debts at the rate of 1 percent per year. Interest charges will be waived if this debt is paid in full within 30 days from the date of this letter. If payment is not made within 30 days, interest will accrue from the date of this letter. If the claim(s) on which this recoupment action is based was assigned to a participating provider, both the provider and the TRICARE beneficiary have the right to appeal this determination. If the claim(s) was not assigned, only the beneficiary may appeal this determination.

Additionally, federal agencies are required to assess a penalty charge, not to exceed 6% per year, upon any portion of the amount you owe that is delinquent for more than 90 days, and administrative costs, based upon the costs incurred in processing and handling the case because it became delinquent.

Finally, we are required to annotate your records to enable us to collect the erroneous payment by administrative offset against future TRICARE claims. No such offset action will be taken for 60 days from the date of this letter, however. Since the possibility of offset against your TRICARE claim exists, we are required to provide the following information to you.
You have the right to inspect and copy all records pertaining to this debt. If you believe this determination regarding your TRICARE coverage is incorrect or dispute the amount of the debt as calculated herein, you have a right to request an administrative review of the indebtedness.

For the purposes of this recoupment action, your right to an administrative review includes your right

This document contains proprietary information and/or data of Express Scripts Holding Company and its subsidiaries and affiliates (hereinafter referred to as "Express Scripts Holding Company"). Recipient, by accepting this document, agrees that it will not duplicate, use, or disclose-in whole or in part-this document, or the information contained therein, or any part thereof to others for any other purpose except as specifically authorized in writing by Express Scripts Holding Company.   EXEMPT FROM PUBLIC DISCLOSURE: Information contained herein is confidential information of Express Scripts Holding Company and is exempt from public disclosure under 5 U.S.C. §552(B). Do not disclose outside of the recipient organization of the United States Government

to a Reconsideration under the regulation which govern TRICARE appeals (32 CFR 199.10). If you request an administrative review, you will be advised if you have further appeal rights to DHA.

Your request must be in writing and must be received by this office within 90 days from the date of this letter. Your request should state specific reasons for believing that you believe you are not indebted for any amount listed herein, and should be accompanied by supporting documentation, such as bookkeeping and medical records, and a copy of this letter. If you wish to request a waiver based upon an inability to pay, you will be required to complete a financial affidavit. If it then appears that you are financially unable to make a full refund at this time, you may be afforded an opportunity to enter into a written agreement for repayment of the debt. Please note, however, that any payment plan will include an interest charge at the rate specified above.

Payment of the total amount shown above within 30 days is considered payment in full. To satisfy your debt immediately, send a check or money order for the total amount, made payable to TRICARE, to Express Scripts Inc. in the enclosed self-addressed envelope. If payment is not received within 30 days, interest and other late charges will accrue.

Your cooperation and prompt attention to this matter is very much appreciated.

Sincerely,

Government Finance
Express Scripts, Inc.
Fax: 1-888-802-4278
skhilker@express-scripts.com


Enclosures:
Self-addressed envelope
Overpayment Notification
Detail of Overpayment

Ref: A1905732I0000171026

This document contains proprietary information and/or data of Express Scripts Holding Company and its subsidiaries and affiliates (hereinafter referred to as "Express Scripts Holding Company"). Recipient, by accepting this document, agrees that it will not duplicate, use, or disclose-in whole or in part-this document, or the information contained therein, or any part thereof to others for any other purpose except as specifically authorized in writing by Express Scripts Holding Company. EXEMPT FROM PUBLIC DISCLOSURE: Information contained herein is confidential information of Express Scripts Holding Company and is exempt from public disclosure under 5 U.S.C. §552(B). Do not disclose outside of the recipient organization of the United States Government