UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CENTRAL REXALL DRUGS, INC.** | * | **CIVIL ACTION** |
| **v.** | * | **NUMBER: 17-2724** |
| **RAQUEL C. BONO, DIRECTOR DEFENSE HEALTH AGENCY** | * | **JUDGE BARBIER** |
| | * | **MAG. JUDGE KNOWLES** |

## STIPULATION FOR AMICABLE RESOLUTION OF LITIGATION

**COMES NOW**, through their respective undersigned counsel, Central Rexall Drugs, Inc., Plaintiff (hereinafter "Central Rexall" or "Plaintiff"), and Raquel C. Bono, Director of the Defense Health Agency, Defendant (hereinafter "the Director," "DHA" or "the Agency"), who in resolving the dispute giving rise to the above-captioned civil action, consent to entry of this Stipulation and an appropriate agreed Order and Judgment based thereon, and hereby stipulate and agree to the following:

1. That on March 30, 2017, Plaintiff filed the above-captioned civil action seeking an order of mandamus requiring Defendant to terminate a temporary suspension of all then current and future claims processing and payments imposed by the Agency on April 24, 2015. See Record Doc. # 1.

2. That on August 7, 2017, Defendant filed a motion to dismiss the above-captioned lawsuit. See Record Doc. # 8.

3. That on September 13, 2017, the Court took the Defendant's dispositive motion under submission, after allowing both parties to file reply and sur-reply memoranda. See Record Doc. ## 14-20.

1

4. That as of the date this Stipulation is being filed, the Court has not issued a decision on Defendant's dispositive motion.

5. That on October 2, 2018, Plaintiff filed a motion for a preliminary injunction seeking an order enjoining DHA from pursuing collection of debts (recoupment claims) Plaintiff alleged were related to those that were the subject of its original mandamus demand, thereby upsetting the *status quo ante*. See Record Doc. # 21.

6. That the subject recoupment claims arose out of audits conducted by DHA's contractor, Express Scripts, Inc. ("ESI"), of claims which had already been paid prior to the initiation of this lawsuit, as well as of all claims pending and accrued after the lawsuit was filed, about which Plaintiff complained processing had been suspended.

7. It is the position of DHA that the purpose of the ESI audits was to identify all claims for prescriptions for compound skin and pain creams which had been filled by Central Rexall but had been submitted by physicians who did not have a doctor-patient relationship with the TRICARE beneficiary for whom they had been written and filled.

8. It is the position of DHA that under 32 CFR §§ 199.2 and 199.6(a)(7) as well as the Network Provider Manual, prescriptions such as those described in the preceding paragraph are deemed fraudulent by DHA.

9. That Central Rexall disputes that it knowingly submitted any fraudulent or otherwise improper claims and that it is the position of Central Rexall that the claims at issue should be reimbursed.

10. That ESI, as DHA's contractor, sought recoupment under 32 CFR 199.11, for all previously paid claims for compound prescription cream which ESI determined were fraudulent. Said recoupment action was taken initially against all pending unpaid claims which ESI determined were valid and which were subject to the claim processing suspension about which Plaintiff originally complained.

11. That as part of its process, ESI both recouped against pending valid claims and/or denied all pending unpaid claims which it determined were fraudulent. Thus all pending claims which previously were subject to the claim processing suspension that was the subject of Plaintiff's original complaint had, in fact, been processed prior to the time Plaintiff filed its preliminary injunction motion.

12. After processing all pending claims, including those subject to Plaintiff's mandamus action, ESI sought reimbursement for the balance of the recoupment claims it had determined were fraudulent in four letters addressed to Central Rexall, to wit:

(a) November 12, 2017 seeking $14,522.674 in alleged overpayments;

(b) November 12, 2017 seeking $922,500.88 in alleged overpayments;

(c) November 26, 2017 seeking $992,334.49 in alleged overpayments; and

(d) November 26, 2017 seeking $64,491.45 in alleged overpayments.

Each letter informed Central Rexall that it had the right to inspect and copy all records pertaining to the above-listed debts and that if it believed that ESI's determination regarding TRICARE coverage is incorrect or dispute the amount of the debt as calculated in the letters, that it had the right to request an administrative review of the indebtedness, which review included a right to Reconsideration under 32 C.F.R. 199.10, as applicable.

13. It is the position of Central Rexall that, at all times relevant to this dispute, and the underlying audit and recoupment period, Central Rexall complied with all applicable TRICARE and ESI rules and regulations, did not improperly dispense any prescription, and actively screened prescriptions and worked with patients, prescribers, and payors to verify all relevant information prior to processing and dispensing compounded medications.

14. It is the position of DHA that Central Rexall requested Reconsideration of all four recoupment/overpayment demands listed above in a letter dated February 9, 2018, which letter was apparently misplaced after it was received by ESI's mailbox courier.

3

15. It is the position of DHA that because Central Rexall's February 9, 2018 letter was mislaid, ESI did not carry out the administrative review sought by same.

16. That in light of the developments set forth in the foregoing paragraphs, the parties have agreed to the following in order to bring the captioned litigation to a conclusion via a notice of voluntary dismissal without prejudice:

   a. That DHA has ordered all collection actions based on the four recoupment/overpayment demands against Central Rexall to discontinue until further proceedings described below have been conducted and concluded;

   b. That DHA will reimburse Central Rexall for the attorney fees it incurred with the filing of the motion for a preliminary injunction, said amount being $10,620;

   c. That within 10 business days of receipt of the aforesaid attorney fee amount, Central Rexall will file in the above-captioned district court lawsuit a notice of voluntary dismissal without prejudice;

   d. That within 10 business days of the filing of the notice of voluntary dismissal, DHA will issue written notification to Central Rexall lifting the suspension of claim processing and payment originally imposed by its letter dated April 24, 2015;

   e. That within 10 business days of the filing of the notice of voluntary dismissal, DHA through its contractor ESI, will begin performing the administrative review sought by Central Rexall in its February 9, 2018 letter, and will complete said review and issue a written decision conveying the results of same in no more than 60 days thereafter;

   f. That Central Rexall agrees that if it is not satisfied with the results of said administrative review, so long as DHA conducts that review in a timely fashion as outlined above and in full compliance with all applicable regulations and permits Central Rexall to pursue the administrative appeal process, it may only pursue appeal of same through 32 C.F.R. § 199.10, as

applicable, and thereafter solely to the U.S. Court of Claims, pursuant to 28 U.S.C. § 1491(a) (a.k.a. "Big Tucker").

THUS DONE AND SIGNED on this 8TH day of April, 2019.

PETER G. STRASSER
UNITED STATES ATTORNEY

GLENN K. SCHREIBER
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3093
Fax: (504) 680-3174
glenn.schreiber@usdoj.gov

Scott R. Grubman
Ga. Bar No. 317011
*Admitted Pro Hac Vice*
CHILIVIS, COCHRAN, LARKINS &
BEVER, LLP
3127 Maple Drive, N.E.
Atlanta, GA 30305
404-233-4171 (phone)
404-261-2842 (fax)
sgrubman@cclblaw.com